**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **STATE OF OKLAHOMA ex rel.** ) <br> **E. Scott Pruitt, in his official capacity as** ) <br> **Attorney General of Oklahoma, and** ) <br> **OKLAHOMA DEPARTMENT OF** ) <br> **ENVIRONMENTAL QUALITY,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **GINA MCCARTHY, in her official** ) <br> **capacity as Administrator of the U.S.** ) <br> **Environmental Protection Agency, and** ) <br> **U.S. ENVIRONMENTAL PROTECTION** ) <br> **AGENCY,** ) <br> ) <br> **Defendants.** ) | Case No. 15-CV-0369-CVE-FHM |

**OPINION AND ORDER**

On July 1, 2015, plaintiffs the State of Oklahoma and the Oklahoma Department of Environmental Quality (ODEQ) filed this case alleging that the United States Environmental Protection Agency (EPA) is acting outside of its authority by proposing rules to regulate emissions from coal-fired power plants. The Court directed plaintiffs to file a brief on this issues of "whether this Court has jurisdiction to hear a challenge to a proposed rule by the EPA and whether judicial review provision of the Clean Air Act (CAA) precludes this Court from exercising jurisdiction over plaintiffs' claims." Dkt. # 9, at 2. Plaintiffs have filed a response (Dkt. # 21) to the Court's order, and they also ask the Court to expedite the briefing schedule. The Court has reviewed plaintiffs' response and finds that further briefing from any party is unnecessary, because plaintiffs have failed to establish that the Court has subject matter jurisdiction over this case.

I.

On June 18, 2014, the EPA proposed "emission guidelines for states to follow in developing plans to address greenhouse gas emissions from existing fossil fuel-fired electric generating units." Carbon Pollution Emission Guidelines for Existing Stationery Sources: Electric Utility Generating Units, 79 Fed. Reg. 34830-01 (proposed June 18, 2014). The EPA asserts that it has authority under 42 U.S.C. § 7411(d) to propose emission guidelines "for states to follow in developing plans to address greenhouse gas emissions from existing fossil-fuel fired electric generating units." Id. at 34832. The proposed rule provides that states would have to begin meeting interim carbon dioxide emission standards in 2020 and compliance in full with the proposed regulation would have to be achieved by 2030, but the EPA was also soliciting comments on "less stringent" emission performance levels with a five year compliance period. Id. at 34838-39. According to the United States Court of Appeals for the District of Columbia Circuit (D.C. Circuit), over two million comments to the proposed regulation have been received by the EPA and the EPA plans to issue a final rule this summer. In re Murray Energy Corp., ___ F.3d. ___, 2015 WL 3555931, *1 (June 9, 2015).

Also noted by the D.C. Circuit was that numerous parties, including the State of Oklahoma, "are champing at the bit to challenge EPA's anticipated rule restricting carbon dioxide emissions from existing power plants." Id. Even though the EPA has not issued a final rule, the States of West Virginia, Alabama, Indiana, Kansas, Kentucky, Louisiana, Nebraska, Ohio, Oklahoma, South Carolina, South Dakota, and Wyoming filed a case seeking relief under the All Writs Act, 28 U.S.C. § 1651. In particular, the petitioners asked the D.C. Circuit "to review the legality of a proposed EPA rule so as to prevent EPA from issuing a final rule." Id. Under 42 U.S.C. § 7607(b)(1), a

2

petition for review of action of the Administrator in promulgating any national primary or secondary ambient air quality standard, any emission standard or requirement under section 7412 of this title, [or] any standard of performance or requirement under section 7411" must be filed in the D.C. Circuit. The D.C. Circuit determined that it lacked the authority to hear the petitioners' challenge to a proposed EPA rule, even though the petitioners claimed that they were currently incurring expenses to prepare for implementation of a final rule. Id. at *2 ("But courts have never reviewed *proposed* rules, notwithstanding the costs that parties may routinely incur in preparing for anticipated final rules."). The All Writs Act did not provide a mechanism to circumvent this well-established rule of judicial review, and the D.C. Circuit denied the petitions for review and for writ of prohibition. Id. at *4.

The State of Oklahoma and the ODEQ filed this case on July 1, 2015, less than a month after the D.C. Circuit issued its decision in Murray. Plaintiffs seek declaratory and injunctive relief on the theory that defendants Gina McCarthy, Administrator of the EPA, and the EPA are acting ultra vires by proposing a rule pursuant to § 7411(d). According to plaintiffs, the EPA has already promulgated emission standards for coal-fired power plants pursuant to 42 U.S.C. § 7412 and the EPA gave up its authority to regulate the same emission source under § 7411. Dkt. # 2, at 6. Plaintiffs argue that complying with the proposed emission standards "without plunging the states' electric supply system into chaos and threatening continuity of electric service will require wholesale restructuring of states' electrical sectors." Id. at 9. Plaintiffs claim that the proposed emission standards are currently causing irreparable harm to Oklahoma, because it takes a substantial amount of time to construct new facilities and integrate those facilities into the power grid and Oklahoma will be unable to comply with the emission standards if it waits for the

promulgation of a final rule. Id. at 12-14. Plaintiffs seek declaratory and permanent injunctive relief to enjoin defendants from regulating coal-fired power plants under § 7411(d) of the Clean Air Act, and they also request the issuance of a preliminary injunction to prevent the EPA from taking any action to enact a final rule.

## II.

Plaintiffs argue that the proposed emission standards, if adopted as a final rule, would constitute an ultra vires action that would violate numerous constitutional rights of the plaintiffs. They also contend that they are suffering immediate harm from the proposed emission standards because they will be forced to take immediate and costly steps to comply with the proposed emission standards. Before reaching the merits of plaintiffs' arguments, the Court has directed plaintiffs to establish that this Court has subject matter jurisdiction over plaintiffs' claims. Dkt. # 9. Plaintiffs' jurisdictional argument begins with the straightforward assertion that federal courts have jurisdiction to hear claims arising under the Constitution or laws of the United States and that federal courts have the equitable authority to enjoin unconstitutional actions by federal administrative agencies in some circumstances. Dkt. # 21, at 8-10. These issues are not in dispute, but what is less clear is if plaintiffs have a claim that can be adjudicated by this Court before issuance of a final rule by the EPA and if judicial review in this Court is prohibited by the CAA.

Plaintiffs challenge the EPA's authority to propose the disputed emission standards under § 7411(d) of the CAA. The CAA has a judicial review provision providing that a "petition for review of action of the Administrator in promulgating any national primary or secondary ambient air quality standard, any emission standard or requirement under section 7412 of this title, any standard of performance or requirement under section 7411 of this title . . . or final action taken"

4

must be filed in the D.C. Circuit. 42 U.S.C. § 7607(b). This provision has been interpreted to permit review only of any "final" agency action. Nat'l Environmental Development Ass'n Clean Air Project v. EPA, 752 F.3d 999, 1006 (D.C. Cir. 2014). In order to constitute a final agency action, the agency action must "(1) 'mark the consummation of the agency's decisionmaking process,' and (2) be one by which rights or obligations have been determined, or from which legal consequences will flow.'" Id. In the context of a regulation proposed by the EPA, the EPA's action is considered "final" only if the "'EPA has rendered its last word on the matter' in question." Whitman v. American Trucking Associations, 531 U.S. 457, 478 (2001). Judicial review of proposed rules is generally not permitted, because challenges to proposed rules tend to be speculative in nature and judicial review of final rules "is likely to stand on much surer footing . . . ." Fed. Express Corp. v. Mineta, 373 F.3d 112, 119 (D.C. Cir. 2004).

In this case, the D.C. Circuit has already determined that the proposed emission standards do not constitute a final rule that is subject to judicial review under the CAA. Murray Energy Corp., 2015 WL 3555931, at *1-2. Plaintiffs claim that the EPA has acted outside of its authority by proposing emission standards for coal-fired power plants under § 7411(d) and that the mere proposal of the emission standards constitutes an ultra vires agency action. Plaintiffs' claims are not predicated on a statutory basis, such as the Administrative Procedures Act or the CAA, but plaintiffs apparently intend to assert a non-statutory claim under the ultra vires doctrine. This type of claim can in certain circumstances provide a basis for a federal court to consider a challenge to an agency action, but this type of review is "quite narrow" and it is available only to "determine whether the agency has acted 'ultra vires'--that is, whether it has 'exceeded its statutory authority." Mittleman v. Postal Regulatory Comm'n, 757 F.3d 300, 307 (D.C. Cir. 2014). The ultra vires rule must be

applied in conjunction with other jurisdictional principles. An argument that a federal agency engaged in an ultra vires action does not by itself give rise to exception to the general rule that only final agency actions are subject to judicial review. See Teamsters Local Union No. 455 v. NLRB, 765 F.3d 1198, 1201 (10th Cir. 2014) (finding that it was appropriate to exercise jurisdiction over National Labor Relations Act claim under an ultra vires theory because the finality requirement was satisfied). The ultra vires rule also does not provide district courts jurisdiction over matters that are exclusively within the jurisdiction of the federal circuit courts of appeals pursuant to a federal statute. Quivira Mining Co. v. EPA, 728 F.2d 477, 484 (10th Cir. 1984).

Plaintiffs rely heavily on the Supreme Court's decision in Leedom v. Kyne, 358 U.S. 184 (1958), to support their argument that this Court has jurisdiction to hear a non-statutory challenge to an alleged ultra vires agency action. Dkt. # 21, at 11-12. Leedom arose out of a labor election dispute between an unincorporated labor association and the National Labor Relations Board (NLRB) concerning the NLRB's certification of a collective bargaining agent for a group of employees that included professional and non-professional employees without a valid majority vote of all professional employees. Leedom, 358 U.S. at 185. The president of the association brought suit in federal district court, and the NLRB argued that the district court lacked jurisdiction over the case. Id. at 186. The district court exercised jurisdiction over the case and entered judgment in favor of the association, and the D.C. Circuit affirmed the district court's decision. Id. at 187. The Supreme Court took the case to clarify when federal courts had jurisdiction over this specific type of dispute, because in a prior decision the Supreme Court had found that an NLRB certification order was not a final order triggering a right to judicial review under the National Labor Relations Act. Id. The NLRB's action in certifying the collective bargaining agent violated a specific

provision of the National Labor Relations Act, and the Supreme Court determined that the NLRB had attempted to exercise power not provided to it under the National Labor Relations Act. Denying federal jurisdiction under the circumstances would result in the "sacrifice or obliteration of a right" which Congress had granted to certain employees, because the certification orders would never be subject to review as a final agency order. Id. at 190. Under these limited circumstances, the district court had jurisdiction to hear a dispute concerning a non-final agency action for which judicial review would have otherwise been wholly prohibited.

The D.C. Circuit has crafted a three part test to determine when the Leedom exception to the finality requirement applies. First, the statutory preclusion of judicial review must be implied rather than express. Nyunt v. Chairman, Broadcasting Bd. of Governors, 589 F.3d 445, 449 (D.C. Cir. 2009). Second, there must be no alternative procedure available for review of the claim. Id. Third and finally, the agency's actions must plainly be "in excess of its delegated powers and contrary to a specific prohibition in the statute that is 'clear and mandatory.'" Id. An essential component of the Leedom decision was that barring judicial review would have wholly deprived the plaintiff of any right to judicial review of his claim that the agency acted in excess of its authority. Nat'l Air Traffic Controllers Ass'n AFL-CIO v. Federal Serv. Impasses Panel, 437 F.3d 1256, 1263 (D.C. Cir. 2006). The Tenth Circuit has emphasized that the Leedom exception is "very limited" in scope and it is to "invoked only in exceptional circumstances." United States Dep't of Interior v. Federal Labor Relations Authority, 1 F.3d 1059, 1061 (10th Cir. 1993); see also Newport News Shipbuilding and Dry Dock Co. v. NLRB, 633 F.2d 1079, 1081 (4th Cir. 1980) ("Jurisdiction is appropriate [under Leedom] only when there is a 'strong and clear' demonstration that a 'clear, specific and mandatory provision of the Act' has been violated."). Leedom also does not provide an exception

7

to any statutory requirement that judicial review is permitted only in a federal court of appeals if such review was or will be available. Quivira Mining Co., 728 F.2d at 484.

Plaintiffs have not shown that this case involves any exceptional circumstances that would warrant immediate judicial intervention under Leedom. As was made clear by the D.C. Circuit in Murray, any party seeking to challenge the proposed emission standards will have a right to judicial review if the emission standards are adopted as a final rule. Murray Energy Corp., 2015 WL 3555931 at *2 ("After the EPA issues a final rule, parties with standing will be able to challenge that rule in a pre-enforcement suit, as well as to seek a stay of the rule pending judicial review"). Unlike Leedom, this is a case where the judicial review sought by plaintiff is simply premature, rather than wholly prohibited by statute, and plaintiffs will have a forum to challenge the emission standards before they take effect. Plaintiffs claim that immediate judicial review is necessary to prevent irreparable harm, because judicial review of a final administrative rule is a lengthy process and plaintiffs are currently incurring costs to comply with the requirements of the proposed emission standards. Plaintiffs' claims are exaggerated. The D.C. Circuit noted that the EPA is expected to announce a final rule this summer, and there is no reason to believe that plaintiffs will have to wait for long before renewing proceedings in the D.C. Circuit if they intend to challenge the final rule. Plaintiffs can request a stay of any final rule issued by the EPA to avoid incurring costs while litigation is pending. The Court also finds that plaintiffs' argument concerning the EPA's authority to promulgate emission standards for coal-fired power plants pursuant to § 7411(d) simply highlights the complex nature of the CAA's regulatory and administrative scheme, and this is not the type of alleged violation of a "clear and mandatory" duty for which review is appropriate under Leedom. Instead, plaintiffs' argument is based on the complex interplay of §§ 7411 and 7412, and these issues

8

of administrative authority to enact regulations under the CAA are precisely the kinds of issues reserved for judicial review proceedings before the D.C. Circuit. The Court finds that it does not have jurisdiction to hear this case under Leedom, because plaintiffs will have a right to judicial review and plaintiffs have not identified a "clear and mandatory" duty allegedly violated by defendants' actions.

The Court has determined that Leedom's limited exception to the finality requirement is not applicable, and plaintiffs must comply with the general rule that only final agency actions are subject to judicial review. The D.C. Circuit has already determined that the proposed emission standards are not a final agency action, and that court has denied a petition to review the proposed emission standards before they become a final rule. Murray Energy Corp., 2015 WL 3555931, at *1-2. Even if the Court found that it would not be premature to exercise jurisdiction over this case, plaintiffs have failed to show that jurisdictional review provision of the CAA would permit this Court to exercise jurisdiction over the case. Plaintiffs do not dispute that the EPA asserts that it has the authority to propose the Power Plan under § 7411(d), and a challenge to any "standard of performance or requirement under section 7411" must be filed in the D.C. Circuit. The ultimate issue of whether the EPA has the authority to promulgate the disputed emission standards pursuant to § 7411(d) must be decided by the court with exclusive jurisdiction over these matters, and that court is the D.C. Circuit. See Missouri v. United States, 109 F.3d 440, 441-42 (8th Cir. 1997) (Section 7607(b) broadly divests district courts of jurisdiction to hear challenges to EPA actions that fall within the scope of 7607(b), even if framed solely as constitutional challenges to the Clean Air Act); Natural Resources Defense Council, Inc. v. Thomas, 689 F. Supp. 246, 260 (S.D.N.Y. 1988) (matters of statutory interpretation concerning the authority of the EPA are reserved for the courts

of appeal, and federal district courts lack jurisdiction to hear claims concerning EPA's authority to act under § 7412).

Plaintiffs have not shown that this Court has subject matter jurisdiction to hear their claims concerning the proposed emission standards for coal-fired power plants and, upon issuance of a final rule, plaintiffs will have a forum in which they can seek judicial review of the emission standards. The Court finds no exceptional circumstances that would warrant judicial intervention at this time, and plaintiff's claims should be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 2) is **dismissed for lack of jurisdiction**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Amend Briefing Schedule (Dkt. # 22) and Plaintiffs' Renewed Motion for Preliminary Injunction and Motion to Expedite Proceedings to Provide Relief by August 7 (Dkt. # 24) are **moot**.

**DATED** this 17th day of July, 2015.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE